**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW SACCO and PATRICIA SACCO,**

                                   **Plaintiffs,**

**-against-**                                                    **05-CV-1435 (TJM/DEP)**

**DAIMLERCHRYSLER CORPORATION,**

                                   **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.  INTRODUCTION**

        On July 26, 2004, plaintiff Matthew Sacco suffered serious injuries when he was

struck by a 1994 Dodge Dakota operated by a co-worker while working as a mechanic at

Tony B Tires.  Plaintiffs Matthew and Patricia Sacco commenced this suit against

Defendant DaimlerChrysler Corporation on theories of negligence, breach of warranty,

strict products liability, and loss of consortium.  Defendant moves pursuant to Fed. R. Civ.

P. 56 for summary judgment dismissing Plaintiffs' failure to warn claim, see dkt. #26; and

pursuant to Fed. R. Civ. P. 42(b) for an order bifurcating the trial of Plaintiffs' action into

separate liability and damages phases.  See dkt. # 25.  Plaintiffs have responded to the

motions indicating that they do not oppose the motion to dismiss the failure to warn claim,

see dkt. #s 27-29, but that they do oppose the motion for bifurcation.  See dkt. #s 30-31.

1

Accordingly, the motion for summary judgment is granted. The Court will proceed to discuss the motion for bifurcation.

## II. DISCUSSION

### A. Standard

Rule 42(b) provides that "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue." Fed. R. Civ. P. 42(b). The decision "whether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 15 (2d Cir. 1988); see also Aldous v. Honda Motor Co., No. 94-CV-1090, 1996 WL 312189, at *1 (N.D.N.Y. May 30, 1996); Witherbee v. Honeywell, inc., 151 F.R.D. 27, 28-29 (N.D.N.Y. 1993); Hanlin Group, Inc. v. Village of Solvay, No. 88-CV-773, 1990 WL 164694, at *1 (N.D.N.Y. Oct. 15, 1990). As noted previously by this Court, "one trial for liability and damages is the rule—bifurcation is the exception." Aldous, 1996 WL 312189, at *2.

In determining whether to bifurcate a trial under Rule 42(b), the Court will "weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." Witherbee, 151 F.R.D. at 29. "[F]or bifurcation to be appropriate, the issues to be bifurcated must be separate . . . ." Aldous, 1996 WL 312189, at *1; Raposo v. Honda Motor Co., No. 92-CV-1087, 1996 WL 63526, at *1 (N.D.N.Y. Jan. 29, 1996). Thus, "bifurcation is inappropriate where the 'same witnesses may be needed to testify as to both the issues of liability and damages, and . . . evidence pertaining to these

issues may very well overlap.'" Aldous, 1996 WL 312189, at *1 (quoting Hanlin Group, Inc., 1990 WL 164694, at *1); Raposo, 1996 WL 63526, at *1.  The burden of demonstrating that bifurcation of the issues is appropriate in the case at bar rests upon the moving party.  Aldous, 1996 WL 312189, at *1; Raposo, 1996 WL 63526, at *1.

### B.  Analysis

Defendant argues that bifurcation is appropriate because the issues of liability and damages are separate and distinct, failure to bifurcate the trial would result in prejudice, and bifurcation will promote interests of judicial economy.  The plaintiffs counter that bifurcation is inappropriate because the lack of overlap between evidence on liability and damages will avoid juror confusion, any potential prejudice can be minimized by providing the jury with cautionary instructions, and bifurcation will not promote convenience or economy of judicial resources.  Each argument will be considered in turn.

### i.  Separability of the Issues

Defendant argues that the issues of liability and damages are separate and distinct, stating that "Mr. Sacco's injuries have absolutely no relevance to the issue of liability." Defendant's Memorandum of Law in Support of Motion to Bifurcate at 5, Dkt. No. 25, pt. 6. Plaintiffs concede that there is a lack of overlap between the two issues, however, they oppose bifurcation by contending that this lack of overlap will avoid juror confusion.  See Plaintiffs' Memorandum of Law in Opposition to Motion to Bifurcate at 3, Dkt. No. 31.

While the issues in this case are conceivably separable, there is some testimony that may overlap, namely the testimony of the plaintiffs on how the accident occurred, the injuries that resulted therefrom, and on the claim for loss of consortium.  Thus, as in

3

Aldous and Hanlin Group, where the same witnesses may be needed to testify on both the issues of liability and damages, bifurcation is inappropriate.  Further, since the issues are separable, there is much less of a probability that the testimony on each issue will result in juror confusion, allowing the jury to more easily perform its function.  Therefore, the defendant's allegations do not demonstrate that bifurcation is appropriate.

### ii. Prejudice to the Defendant

Defendant contends that it will be unfairly prejudiced by a single trial on liability and damages because the jurors' sympathies for the plaintiff Matthew Sacco will be aroused due to the severe injuries he suffered.  While there is certainly the *possibility* that trying the issues of liability and damages together may prejudice the defendant, this possibility is no different from the potential prejudice which is normally and customarily dealt with through an appropriate charge and curative instructions to the jury to consider in its deliberations only the evidence as it is presented as to each separate issue (*i.e.* liability and damages).  Defendant's allegations regarding "the near certain likelihood that jury sympathy will infect the jury's liability determination," Def. Mem. L. in Support of Motion to Bifurcate at 8 [dkt. # 25-6], are not sufficient to differentiate the possibility of prejudice in this case from the possibility of prejudice normally found in personal injury cases.

### iii. Judicial Economy

Defendant claims that bifurcating the issues of liability and damages in this case will result in conservation of judicial resources and will promote judicial economy.  This, of course, relies on the assumption that defendant will prevail on liability; however, defendant contends that even if found liable, such a finding would then promote a settlement of the

4

action and no need for a trial on damages.  The defendant estimates that the testimony of the plaintiffs' identified witnesses on the issue of damages—twenty-two physicians and healthcare specialists, an economist, and a vocational expert, as well as the plaintiffs themselves—will likely take seven to ten days of trial time.  See id. at 9.  Plaintiffs vigorously oppose defendant's contention and aver that plaintiffs' evidence on damages will in no way consist of all the witnesses identified to the defendant as those who provided the plaintiff with treatment.  Indeed, in her affidavit filed with the Court, plaintiffs' attorney estimates that the plaintiff will only call four of the identified witnesses on damages, plus the plaintiffs.  See Polimeni Affidavit in Opposition at 3–4, Dkt. No. 29.

Even accepting the defendant's contention that the presentation of evidence by the plaintiff's "unidentified subset" of twenty-two witnesses on damages will take four to five days of trial time, see Defendant's Reply Memorandum of Law in Support of Motion for Summary Judgment and Bifurcation Motion at 6–7, Dkt. No. 34, it must be noted that this savings will not occur unless the defendant prevails on liability, a position on which the Court expresses no opinion.  Further, when this potential savings is balanced against the inevitable lost time in conducting two openings, two closings, two charges and two conferences thereon, twice empaneling the jury, and having the same witnesses testify twice as discussed *supra*, it is clear that the defendant's projected savings of judicial resources is in no way guaranteed.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment seeking to dismiss Plaintiffs' failure to warn claim [dkt. # 26] is **GRANTED** and the failure to warn

5

claim is **DISMISSED**.  Defendant's motion for bifurcation of the issues of liability and

damages [dkt. # 25] is **DENIED**.

**IT IS SO ORDERED**

DATED:November 29, 2007

Thomas J. McAvoy
Senior, U.S. District Judge

6