UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW SACCO and PATRICIA SACCO,

                              Plaintiff,

      v.                                                 05-CV-1435

DAIMLER CHRYSLER CORPORATION,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    FACTS

On Nov. 16, 2005, Plaintiffs Matthew and Patricia Sacco commenced an action against Defendant DaimlerChrysler Corporation arising out of a motor-vehicle accident on July 26, 2004. On February 4, 2008, the jury returned a verdict in favor of Defendant. On March 6, 2008, Defendant filed a bill of costs with the court. On March 26, 2008, the Court Clerk taxed the costs in the amount of $61,374.48. Presently before the Court is Plaintiff's motion to strike Defendant's bill of costs.

### II.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 54(d)(1), only "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." A court may tax as costs: clerk fees, transcript fees for use in the case, fees for printing, and witnesses and

copying fees for use in the case. 28 U.S.C. § 1920. The prevailing party may also recover $20.00 in docket fees. 28 U.S.C. §1923. "Fees" generally refer to money paid to the Court and "costs" refer to expenses incurred in litigation. U.S. v. Idaho ex rel. Director, Idaho Dept. of Water Resources, 508 U.S. 1, 8 (1993).

## III.     DISCUSSION

### a.     Service of summons and subpoena fees

Defendant claims $2,055.80 for fees for service of trial subpoenas. See Bill of Costs, Table A-2. Defendant further claims $1,040 for fees incurred to subpoena records for trial. See Bill of Costs, Table A-3.

The plain language of Section 1920 does not authorize the shifting of private process fees. See 28 U.S.C. § 1920. However, the Second Circuit has adopted the view that such costs can "'be taxable only to the extent that they do not exceed the costs that would have been incurred had the Marshal's office effected service.'" U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt, 95 F.3d 153, 172 (2d Cir. 1996) (quoting Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499, 507 (D. Kan. 1994)).

The Court determines here that $1,000 is a reasonable fee for service of the trial subpoenas, and therefore the Court will tax this amount.

Defendant has not demonstrated that the subpoenaed records were necessarily obtained for use in the case. Therefore, the Court will not allow recovery for these costs.

### b.     Transcript fees for use in the case

Defendant seeks $10,840.42 for court reporter charges and transcript fees of motions, trial, and depositions. See Bill of Costs, Table B and C. The Court disallows these costs. While the Court may tax as costs the court reporter's fees for these transcripts, such

reimbursement is limited to transcripts "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). "To assess the losing party with the premium costs of daily transcripts, necessity – beyond the mere convenience of counsel – must be shown." Galella v. Onassis, 487 F.2d 986, 999 (2d Cir 1973). Defendant has not demonstrated that the transcripts were necessarily obtained for use in the case. Therefore, the Court will not allow recovery for these costs.

### c.     Printing fees

Defendant requests $4,718.14 for printing and trial exhibit fees. See Bill of Costs, Table D. Taxation of binders requested by the court are reasonable and necessary. McGuigan v. CAE Link Corp., 155 F.R.D. 31, 37 (N.D.N.Y. 1994). Thus, the Court will allow $996.04 for three sets of trial binders. See Bill of Costs, Table D. Defendant has not demonstrated that the other printing fees and exhibits were necessarily obtained for use in the case. Therefore, the Court will not allow recovery for these costs.

### d.     Witness fees

The prevailing party may recover a $40-per-day attendance fee for each witness. 28 U.S.C. § 1821(b); see West Virgina Univ. Hosps. v. Casey, 499 U.S. 83, 86 (1991). The Supreme Court has determined that the prevailing party may not recover expert witness fees above the standard witness attendance rate unless there is explicit statuary language to the contrary. Casey, 499 U.S. at 86. Generally, a Court may only shift the costs of witnesses that appear at trial. U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Construction Corp., 95 F.3d 153, 173 (2d Cir. 1996); Chang v. City of Albany, 842 F.Supp. 1518, 1519 (N.D.N.Y. 1994).

Here, Defendant claimed $5,594.65 in witness fees.  <u>See</u> Bill of Costs, Table A.  Of that amount, Defendant claimed $780 in attendance fees – $40 per day for 13 witnesses and $120 per day for two expert witnesses.  <u>Id</u>.  Of these witnesses, only four testified at trial: Ms. Deborah Badaloni, Mr. Bret Penrith, Mr. John Koepele, and Mr. Lee Carr.  <u>See</u> Minute Entry: Jury Trial, Jan. 31, 2008 and Feb. 1, 2008.  Therefore, Defendant is entitled to $160 in witness attendance fees ($40 per witness).

Defendant also claimed $431 in mileage expenses.  <u>Id</u>.  The Court may allow recovery for this cost, but is not required to.  <u>Farmer v. Arabian Am. Oil Co.</u>, 324 F.2d 359, 363 (2d Cir. 1963).  To determine travel-expense recovery, the Court may consider: (1) the parties' relative financial resources, (2) the non-prevailing party's ability to bear the costs of litigation, and (3) whether Plaintiff brought the action in good faith.  <u>Id</u>.  Of these mileage expenses, only three witnesses, Ms. Badaloni ($7), Mr. Penrith ($17), and Mr. Koepele ($40.80) attended the trial.  <u>See</u> Minute Entry: Jury Trial, Jan. 31, 2008.  Therefore, Defendant may recover $64.80 for milage.

DaimlerChrysler seeks $4,149.40 in subsistence expenses for two trial witnesses, Mr. John Koepele and Mr. Lee Carr.  <u>See</u> Bill of Costs, Table A.  The non-prevailing party must pay a subsistence allowance "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witnesses as to prohibit return thereto from day to day."  28 U.S.C. § 1821(d)(1).  However, the amount shall not "exceed the per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government."  28 U.S.C. § 1821(d)(2).  Federal government employees are entitled to a per diem allowance, as established by locality, and

reimbursement for the actual and necessary expenses of travel are not to exceed the amount established by the Administrator.  5 U.S.C. § 5702(a)(1)-(2).

Here, Mr. Koepele claimed $1,507.12 in total subsistence expenses – $1,048.98/airfare, $25/taxi, $9/meals, $359.34/hotel-two nights, $20/airport parking, and $40.80/milage to-from home airport. See Bill of Costs, Exhibit A.  Per diem for Binghamton, New York, was $120 and mileage rates at that time were $.485/mile.  Therefor, Mr. Koepele is entitled to $38.80 for travel costs (80 miles) and $360 for per diem.

Carr Engineering claimed $2,678.08 in total subsistence expenses – $1,996/airfare, $501.94/hotel-two nights, $29.14/meals, and $160/taxis.  See Bill of Costs, Exhibit A.  Per diem for Binghamton, New York, was $120.  The Court will not tax the taxi cost as no milage or other relevant information was provided.  Therefore, Mr. Carr is entitled to $360 for per diem.

The Court will tax $224.80 of Defendant's witness fees and $758.80 for subsistence allowance to Plaintiff.  The Court will not tax the cost of airfare for failure to provide a receipt or otherwise demonstrate the actual cost.

### e. Copying fees for use in the case

Defendant seeks $2,118 in costs to obtain medial, employment and worker's compensation records and $34,986.87 for trial exhibits See Bill of Costs, Tables E and F. The Court may reimburse the prevailing party for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  The costs of charts used in trial must be reasonable and necessary.  In re Air Crash Disaster at J.F.K. Int'l Airport, 687 F.2d 626, 631 (2d Cir. 1982).  Therefore, the Court will allow $5,000 for the cost of 14 trial boards.  The production

of the vehicle was not reasonable and necessary. According, all additional requested amounts are disallowed as unreasonable or unnecessary.

### f. Docket fees

The Court awards Defendant $20 for docket fees. See 28 U.S.C. 1923.

## IV. CONCLUSION

For the foregoing reasons, the Court awards Defendant's costs and fees in the amount of $6003.60.

IT IS SO ORDERED.

July 22, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge